United States District Court
Southern District of Texas
**ENTERED**
October 16, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **DANIELA PINEDA BARRETO** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 5:26-CV-01757** |
| | § | |
| **WARDEN OF LAREDO PROCESSING CENTER, *et al.*** | § | |
| | § | |
| | § | |
| **Respondents.** | § | |

**ORDER**

Pending before the Court is Petitioner Daniela Pineda Barreto's ("Petitioner") Verified Petition for Writ of Habeas Corpus, (Dkt. 1), challenging the lawfulness of her detention by Immigration and Customs Enforcement (ICE) officials with the Department of Homeland Security (DHS). Petitioner filed her Petition for Writ of Habeas Corpus on October 2, 2026. (Dkt. 1.) Petitioner argues she is being unlawfully detained subject to mandatory detention under 8 U.S.C. § 1225(b) in violation of her Fifth Amendment rights. (*Id.* at 9–11.) She asks the Court to order her immediate release or in the alternative, provide her with a bond hearing. (*Id*. at 14.)

On February 6, 2026, the United States Court of Appeals for the Fifth Circuit addressed the dispute over the statutory interpretation of 8 U.S.C. § 1225(b)(2)'s mandatory detention provision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) ("*Buenrostro-Mendez*"). In the precedential decision, the Fifth Circuit determined that noncitizens apprehended in the interior who entered without inspection are "applicants for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and therefore are not entitled to bond hearings under 8 U.S.C. § 1226(a). *Id.* at 498. The decision was limited to the statutory interpretation of the applicable provisions and left unresolved other claims brought by petitioners challenging their

mandatory detention, including constitutional questions under the Due Process Clause. *Id.* at 508. Subsequently, on July 2, 2026, the Fifth Circuit issued a decision in *Sosnava Rodriguez v. Ortega*, 2026 WL 1906557 (5th Cir. July 2, 2026) ("*Sosnava Rodriguez*"), holding that noncitizens detained under 8 U.S.C. § 1225(b)(2)(A) may not be detained for longer than ninety days without a bond hearing based on constitutional concerns. On July 10, 2026, the Fifth Circuit issued an *en banc* rehearing order on its own motion. *Sosnava Rodriguez v. Ortega*, 2026 WL 2014647 (5th Cir. July 10, 2026). The Fifth Circuit also vacated the July 2, 2026 ruling in *Sosnava Rodriguez*. *Id*. At this time, therefore, *Sosnava Rodriguez* is pending a ruling by the Fifth Circuit sitting *en banc*.[1]

[1] Respondents argue that no relief should be granted to Petitioner based on Petitioner's due process claim because of the stay issued in *Sosnava Rodriguez* and *Tolentino-Rodriguez v. Todd Wallace Blanche*, No. 26-20424 (5th Cir. Aug. 27, 2026) ("*Tolentino-Rodriguez*"). (*See* Dkt. 7 at 4–6.) On July 21, 2026, the Fifth Circuit issued a stay of the three individual district court judgments in *Sosnava Rodriguez* pending rehearing *en banc*. 2026 WL 2104747, at *1 (5th Cir. July 21, 2026). Thereafter, the Fifth Circuit granted consolidation of three individual district court judgments and issued a stay in *Tolentino-Rodriguez* pending the *en banc* court's resolution of *Sosnava Rodriguez*. No. 26-20424, Dkt. 32 (5th Cir. Aug. 27, 2026). The Supreme Court has recognized that an interim order granting a stay is "not conclusive as to the merits" and may "inform how a court should exercise its equitable discretion in like cases." *Trump v. Boyle*, 145 S. Ct. 2653, 2654 (2025); *see also Merrill v. Milligan*, 142 S. Ct. 879, 879 (2022) (Kavanaugh, J., concurring) ("[t]he stay order is not a ruling on the merits, but instead simply stays the District Court's injunction pending a ruling on the merits."); *U.S. Navy SEALs 1- 26 v. Biden*, 72 F.4th 666, 675 n.9 (5th Cir. 2023) (A stay does not "spawn binding legal consequences regarding the merits of [a] case." (quoting *Democratic Exec. Comm. of Fla. v. Nat'l Republican Senatorial Comm.*, 950 F.3d 790, 795 (11th Cir. 2020))). The Fifth Circuit's stay in *Sosnava Rodriguez* and *Tolentino-Rodriguez* were issued without analysis. Accordingly, reading into the Fifth Circuit's stay "is an inherently speculative endeavor." *See Sagastizado v. Noem*, 802 F. Supp. 3d 992, 1013 (S.D. Tex. 2025). Without clearer direction, the Court will not deny relief this Court deems meritorious solely because the district court judgments granting relief to individual habeas petitioners were stayed. *See, e.g., Camacho v. Dep't Homeland Security*, 2026 WL 2137156, at *2–3 (W.D. Tex. July 24, 2026); *Guerra Estrada v. Ybarra*, 2026 WL 2168090, at *1–2 (W.D. Tex. July 28, 2026); *Perozo-Mata v. Blanche*, 2026 WL 2195373, at *3 (S.D. Tex. July 27, 2026); *Rodriguez v. Blanche*, 2026 WL 2221493, at *14 (W.D. Tex. Aug. 3, 2026); *Tiquiram-Us v. Dilley Immigr. Processing Ctr.*, 2026 WL 2242499, at *1 (W.D. Tex. July 31, 2026).

The Court ordered Respondents to respond to Petitioner's petition on or before October 13, 2026. (Dkt. 5.) Respondents filed a timely response addressing Petitioner's claims in light of the decision in *Buenrostro-Mendez* and *Sosnava Rodriguez*, (Dkt. 7), and Petitioner filed a reply to Respondents' response, (Dkt. 8). Upon review of Petitioner's case, the Court finds that Petitioner's due process claim presents nearly identical legal questions to those previously considered by the Court in *Bonilla Chicas v. Warden*, 821 F. Supp. 3d 782 (S.D. Tex. 2026) and *Strunin v. Garcia*, 827 F. Supp. 3d 976 (S.D. Tex. 2026), in which the Court determined that the petitioners' detention by ICE violated their rights under the Due Process Clause. Here, Petitioner is a noncitizen who has resided in the United States for more than eight years. (*See* Dkt. 1 at 2.) Petitioner was initially taken into custody by ICE in 2018 as a minor and then released on parole into the United States. (*Id*. at 1.) Years later, in July of 2026, Petitioner was apprehended by immigration authorities. (*Id*.) Petitioner's immigration proceedings remain pending. (*See* Dkt. 7 at 2, Attach. 2.)[2] Petitioner remains detained.

Because Petitioner's legal claims are materially indistinguishable from those considered by the Court in *Bonilla Chicas* and in *Strunin* and because Respondents have failed to offer controlling precedent or reasoning that would justify reaching a different result in this case, the Court is unpersuaded to alter its prior analysis of the issue. In accordance with its prior analysis, the Court holds that because Petitioner is a noncitizen who was previously paroled into the United States and has established ties to the United States through her residency, the Due Process Clause of the Fifth Amendment guarantees Petitioner an individualized assessment of her flight risk and dangerousness and an opportunity to respond prior to detention by ICE. This conclusion is further

[2] The Court will use "Attachment" to refer to sub-filings in accordance with official docket entries. The Court will use the page numbers auto-generated by CM/ECF in citations to the docket entries.

supported by the growing number of district courts that have likewise found that mandatory detention of noncitizens who have established a presence in the United States violates their procedural due process rights. *See, e.g.*, *Vieira v. De Anda-Ybarra*, 806 F. Supp. 3d 690, 700–02 (W.D. Tex. 2025); *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 685–88 (W.D. Tex. 2025) (collecting cases); *Hernandez-Fernandez v. Lyons*, 2025 WL 2976923, at *7 (W.D. Tex. Oct. 21, 2025); *Marceau v. Noem*, 2026 WL 368953, at *2 (W.D. Tex. Feb. 9, 2026); *Ceballos v. Garite*, 2026 WL 446509, at *2 n.2 (W.D. Tex. Feb. 10, 2026); *Torres v. Hermosillo*, 2026 WL 145715, at *5 (W.D. Wash. Jan. 20, 2026) (collecting cases); *Rincon v. Hyde*, 810 F. Supp. 3d 101, 106–07 (D. Mass. 2025); *Mata Velasquez v. Kurzdorfer*, 794 F. Supp. 3d 128, 147, 151 (W.D.N.Y. 2025); *Rodriguez v. Bondi*, 821 F. Supp. 3d 727, 729 (W.D. Tex. 2026). Thus, the Court holds that because Petitioner's detention violates her rights under the Due Process Clause of the Fifth Amendment, she is entitled to equitable relief and that the appropriate remedy is Petitioner's immediate release from custody with additional safeguards against redetention.

## CONCLUSION

For the foregoing reasons, Petitioner's Verified Petition for Writ of Habeas Corpus, (Dkt. 1), is **GRANTED**. Respondents' Motion to Stay, and in the Alternative, Motion for Summary Judgment, (Dkt. 7), is **DENIED**.

1. Respondents are **ORDERED** to **RELEASE** Petitioner from custody immediately, under reasonable conditions of release, and to submit a status report to the Court confirming Petitioner's release **on or before Monday, October 19, 2026**.

2. Respondents must notify Petitioner's counsel of the exact time and location of Petitioner's release **no less than three hours** prior to Petitioner's release from custody.

3. Respondents must return any and all identification documents and personal belongings taken from Petitioner at the time of apprehension or during detention.

4. If Petitioner is redetained under 8 U.S.C. § 1225(b), all applicable regulations and procedures must be followed, including that Petitioner be afforded an individualized assessment of Petitioner's flight risk and dangerousness as guaranteed under the Due Process Clause of the Fifth Amendment.

IT IS SO ORDERED.

SIGNED this October 16, 2026.

Diana Saldaña
United States District Judge